{¶ 39} The State was required to prove that Defendant Mink knowingly caused physical harm to Teddy Schoonover, a nineteen month old infant, in violation of R.C. 2919.25(A). Further, the State was required to prove that charge beyond a reasonable doubt. R.C. 2901.25(A).
 {¶ 40} It is undisputed that the injuries to Teddy's head and neck constitute physical harm as defined by R.C. 2901.01(A)(3). Neither is it disputed that Defendant and Teddy were alone together when the injuries occurred. The only issue is whether Defendant knowingly caused those injuries.
 {¶ 41} Defendant told Teddy's mother, Teddy's grandmother, and an investigating detective, that Teddy had injured himself accidentally when he fell from a chair. That is certainly plausible, as anyone who has cared for an active child of that age can attest.
 {¶ 42} The State's evidence casts doubt on Defendant's claim, relying on inconsistencies in Defendant's several versions of what object or objects Teddy struck as he fell to the floor. However, those inconsistencies are not positive proof, direct or circumstantial, that Defendant caused Teddy's injuries. The reasonable doubt standard requires positive proof.
 {¶ 43} Teddy's grandmother also testified that when she saw him the next day she observed a hand print on the side of his face. No other witness made the same observation, including the physician who examined Teddy on the evening of the day when the accident occurred.
 {¶ 44} The investigating detective testified that Defendant was unable to satisfactorily manipulate a doll to show how Teddy was struck as he fell. Persons should not be assumed to be able to do that. Defendant's inability to do so has little if any probative value, in my view.
 {¶ 45} The only positive proof of causation the State offered was the testimony of Dr. William M. Matre, a physician who examined Teddy at Children's Hospital. Dr. Matre stated that he had worked at the emergency room of Children's Hospital for twenty-three years. (T. 5). He opined that the injuries to Teddy's face and neck were inconsistent with the accident that Defendant described, and that "the most common reason would be an abusive situation." (T. 9). This was stated in response to a question whether Dr. Matre had an opinion "within a reasonable degree of medical certainty" concerning "the type of occurrence that would have caused this as far as whether it was child abuse or accidental?" (T. 8). While the elements of the question were not in that exact order, that was nevertheless its sense, and the opinion the physician stated in response satisfied the probability requirement for expert opinion of that kind.
 {¶ 46} The physician's opinion, coupled with the undisputed fact of the injuries and that the child suffered them while he was alone with Defendant and in his care, is legally sufficient to prove the charge of domestic violence. Further, and on that evidence, the greater amount of the credible evidence offered sustains a finding of Defendant's guilt beyond a reasonable doubt. Therefore, neither is his conviction against the manifest weight of the evidence. State v. Thompkins (1997),78 Ohio St.3d 380.